UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER BERITICH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MULTICARE HEALTH SYSTEMS, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C15-5370 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

　　This matter comes before the Court on Plaintiff Christopher Beritich's ("Beritich") motion for leave to amend complaint (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

　　On May 5, 2015, Beritich filed a complaint in Pierce County Superior Court for the State of Washington. Dkt. 1-1. Beritich asserted claims against Defendants Multicare Health Systems ("MHS") and United Food and Commercial Workers

Washington State United Counsel, doing business as "UFCW, Local 21" ("Local 21") (collectively "Defendants"), for disability discrimination, age discrimination, interference and retaliation for use of protected leave, breach of duty of fair representation, and breach of contract. *Id*.

On June 3, 2015, Defendants removed the matter to this Court. Dkt. 1.

On June 11, 2015, Beritich filed an amended complaint adding a claim for wrongful termination against MHS. Dkt. 6.

On October 2, 2015, the Court issued a scheduling order setting November 12, 2015 as the deadline for amended pleadings. Dkt. 15.

On December 10, 2015, Beritich filed a motion to amend his complaint to add federal claims for disability and age discrimination. Dkt. 16. On December 21, 2015, Defendants responded. Dkts. 18 & 20. Beritich did not reply.

## II. DISCUSSION

Rule 16 provides that once the court enters a scheduling order it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, the "good cause" standard of Rule 16 governs Beritich's motion to amend and not the more liberal Rule 15 standard. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled.").

In this case, the parties dispute whether Beritich has diligently pursued his claims.[1] Beritich argues that he received his right to sue letter from the Equal Employment Opportunity Commission ("EEOC") on November 23, 2015 and filed this motion shortly thereafter. MHS argues that Beritich could have added his age discrimination claim without waiting for an EEOC letter and could have requested a decision from the EEOC earlier so that he could have met the Court's deadline to amend pleadings. Dkt. 20 at 4–6. While Beritich may have requested an EEOC determination sooner and may have met the Court's deadline, Beritich was aware of the deadline and set in motion the issuance of the EEOC determination and right to sue letter. In these circumstances, the Court is unable to conclude that Beritich was not diligent when he missed the deadline by only a few days. Therefore, the Court concludes that Beritich has shown good cause to modify the scheduling order to extend the amended pleadings deadline.

With regard to the proposed amendments, the "Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (citations omitted). In considering whether to permit an amended pleading, courts consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Courts should not grant leave to amend where

---

[1] Although not labeled as such, the Court will regard Beritich's motion as an implicit motion to extend the Court's deadline to amend pleadings. *Johnson, Inc.*, 975 F.2d 604 at 608.

amendment would be futile.  *See Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

In this case, MHS argues that Beritich unduly delayed amending his complaint and the claims are duplicative.  Dkt. 20 at 7.  The Court declines to find any undue delay, even if Beritich could have added the age discrimination claim while the EEOC was investigating the claim.  Similarly, the Court is unable to conclude as a matter of law that the federal claims are duplicative of the state claims.  Therefore, the Court grants Beritich's motion to add federal claims against MHS.

Finally, Local 21 argues that the Court should deny Beritich's motion with respect to any federal claims against Local 21.  Dkt. 18.  Although Local 21's arguments have merit, a fair reading of Beritich's complaint establishes that Beritich only seeks leave to add federal claims against MHS.  Dkt. 16 at 15, ¶¶ 3.1.1–3.1.2.  Thus, Local 21's opposition is moot.

### III. ORDER

Therefore, it is hereby **ORDERED** that Beritich's motion for leave to amend complaint (Dkt. 16) is **GRANTED**.  Beritich shall file the proposed amended complaint as a separate document on the electronic docket.

Dated this 20th day of January, 2016.

BENJAMIN H. SETTLE
United States District Judge