UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER BERITICH,

    Plaintiff,

v.

MULTICARE HEALTH SYSTEMS, et al.,

    Defendants.

CASE NO. C15-5370BHS

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant MultiCare Health System's ("MultiCare") motion for reconsideration (Dkt. 82).

On October 27, 2016, the Court granted in part and denied in part MultiCare's motion for summary judgment. Dkt. 81. On November 10, 2016, MultiCare filed the instant motion.

Motions for reconsideration are governed by Local Rules W.D. Wash. LCR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm.

ORDER - 1

Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In this case, MultiCare argues that the Court made manifest errors of fact and of law. First, MultiCare argues that the Court made a mistake of fact when it found as follows:

> In June 2014, one month before he was terminated, [Plaintiff Christopher Beritich ("Beritich")] submitted a request for additional FMLA leave. On June 26, 2014, Matrix, the third-party company that manages MultiCare's FMLA requests, sent Mr. Katzenson an email informing him of Beritich's request for additional FMLA leave. Beritich Decl., Exh. 6. On July 24, 2014, a few hours before Mr. Katzenson informed Beritich he would be terminated, Matrix sent Mr. Katzenson another email informing him that Beritich was approved for additional FMLA leave up to one to two hours per event, or flare-up, with up to five events per week plus an additional one to two days per month. *Id*. Beritich states that he was terminated on July 24, 2014 toward the end of his shift, which is normally 4:00 PM. *Id*., ¶ 25. Neither Mr. Katzenson nor Ms. Richards state when the decision was made to terminate Beritich. In other words, MultiCare fails to submit evidence showing that the decision to terminate was made before Matrix emailed Mr. Katzenson approving Beritich's FMLA leave.

Dkt. 81 at 6. MultiCare asserts that Beritich regularly ended his shift at 2:00 PM and the email informing Mr. Katzenson of Beritich's FMLA approval was sent at 3:12 PM. Dkt. 82 at 3. Regarding the later assertion, MultiCare is referring to an email from another MultiCare employee, Clara Nelson, informing Mr. Katzenson of Beritich's FMLA approval. This is not the email the Court identified and cited in its recitation of facts. Instead, the Court stated that "*Matrix* sent Mr. Katzenson another email" regarding

ORDER - 2

Beritich's FMLA approval. Dkt. 81 at 6 (emphasis added). The email from Matrix was sent directly to Mr. Katzenson and others, and it also forms the basis for the reply email MultiCare is citing. *Compare* Dkt. 56 at 34 (original email time stamped 12:52 PM) *with id*. at 37 (Ms. Nelson's reply to original email time stamped 3:12 PM). Accordingly, MultiCare's argument that the Court made a manifest error of fact is without merit even if Beritich left at 2:00 PM the day he was terminated.

Second, MultiCare takes issue with the Court's statement that the standard of production is so low in FMLA interference cases that "it is questionable whether summary judgment would ever be appropriate on an FMLA interference claim." Dkt. 81 at 19. Without further explanation, the Court understands MultiCare's concern with the statement as an employer defending such claims. The Court, however, intended the comment to highlight the fact that the law seems to be, fairly or unfairly, tipped in favor of the employee on such claims, as opposed to a mandate that summary judgment should never be granted on FMLA claims. The statement was intended to be a general statement of the law. In fact, the very next sentence provides: "Regardless, summary judgment is not appropriate [in this case]." *Id*. This comment is based on the law applied to the facts of this case, and the Court reaffirms its conclusion that material questions of facts exist for trial. Therefore, the Court **DENIES** MultiCare's motion for reconsideration.

**IT IS SO ORDERED**.

Dated this 10th day of November, 2016.

BENJAMIN H. SETTLE
United States District Judge